## Hale's Administrator v. Illinois Central Railroad Company.

(Decided October 22, 1914.)

### Appeal from Graves Circuit Court.

1. Master and Servant—Railroad Employe—Duty of Master and Servant—Hand-car.—It is the duty of a railroad company to exercise ordinary care to furnish and keep a hand-car for the use of its employes in reasonably safe condition, and it is the duty of the employe to exercise ordinary care for his own safety and to protect himself from danger if he knows of defective conditions in the car or if the defects are so obvious as that he should be charged with notice of them.

2. Master and Servant—Railroad Employe Working on Hand-car—Care Required of.—The duty of inspection or of exercising care to discover defects in a hand-car is not imposed on a servant who is occupying a menial position under the supervision of a foreman.

3. Master and Servant—Erroneous Instructions Defining Duty and Care of Servants.—In an action to recover damages for the death of a railroad employe killed by falling from a hand-car, it was prejudicial error to instruct the jury that there could not be any recovery for the plaintiff if the defective condition of the car could have been discovered by him by the use of ordinary care.

4. Master and Servant—Assumed Risk—Erroneous Instruction Defining.—In an action to recover damages for the death of an employe killed on account of alleged defects in a hand-car, it was prejudicial error to instruct the jury that the decedent assumed the risk arising from the operation of the car. They should have been told that he only assumed the risks incident to the employment after the railroad company had exercised ordinary care to furnish him a reasonably safe hand-car with which to work. If the hand-car was in a reasonably safe condition, the employe assumed the ordinary risks attending its operation, but if it was in an unsafe condition, he did not assume risks that might occur as a result of this unsafe condition.

STANFIELD & STANFIELD for appellant.

ROBBINS & ROBBINS, BLEWETT LEE, R. V. FLETCHER and TRABUE, DOOLAN & COX for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Reversing.

John Hale, while working as a section-hand for the appellee railroad company, fell from a hand-car on which he was riding and received injuries from which he died. His administrator brought this suit to recover damages for his death, and upon a trial before a jury there was a

verdict and judgment for the railroad company. At the time Hale fell from the hand-car it was running at a speed of about twelve miles an hour, and, as some of the witnesses say, coasting down grade. Hale was standing with his back in the direction the car was going and was working the lever by which the car was propelled.

The principal ground of negligence relied on was the defective and unsafe condition of the car. The evidence introduced in behalf of the administrator tended to show that the wheels of the car were loose and wabbly and that the lever being worked by Hale and some of the other men on the car was loose and out of repair, and that this condition of the lever, which had been brought to the notice of the section foreman in charge of this crew some time before, caused Hale to lose his hold on the handle, as a result of which he fell from the car.

The evidence for the railroad company was to the effect that the car was in good condition, and that Hale by his own carelessness and negligence fell from the car.

Issues along these lines having been formed by the evidence, the court instructed the jury that (1) "if they believe from the evidence at the time John Hale fell from the hand-car of defendant, said hand-car was in an unfit, unsuitable and unsafe condition to be used in the work it was doing, and that such unfit, unsuitable and unsafe condition was known by defendant's agent in charge thereof, or could have been known by such agent by the use of ordinary care, and that such unfit, unsuitable and unsafe condition was not known to decedent, John Hale, or could not by the use of ordinary care have been discovered by him, and you further believe from the evidence that such unfit, unsuitable and unsafe condition of said hand-car was the proximate cause of said decedent falling from the car, then the jury may find for plaintiff."

In another instruction the jury were told that (2) "when plaintiff's intestate engaged to work for defendant, he assumed all the ordinary, usual and necessary danger incident to the employment for which he engaged, and to exercise ordinary care for his own safety."

It will be observed that under instruction number one the jury were told that there could be no recovery for plaintiff unless the unsafe condition of the hand-car "could not by the use of ordinary care have been dis-

covered by him." This instruction imposed upon the decedent the duty of exercising ordinary care to discover the unsafe condition of the car, or, in other words, the duty of inspection. Although he might not have known of its defective condition, yet there could be no recovery if by the exercise of care he could have discovered the defective condition.

The duty of inspection or of exercising care to discover defects is not imposed on the servant situated as Hale was. He was a mere hired hand, occupying a menial position under the supervision of a foreman, and was not required by the rules of law prevailing in this jurisdiction to take care to discover defects in the machinery with which he was working. The law imposed upon the railroad company the duty of exercising ordinary care to furnish the decedent with a reasonably safe hand-car for his use in performing the work required, and put upon the decedent the duty of exercising ordinary care for his own safety, and the further duty of taking care to protect himself from danger if he knew of the defective condition of this car, or if the defects were so obvious as that he should be charged with notice of them. This was the measure of his duty.

The decedent might not have known of this defect, but there appears no reason why he could not have discovered it, and if he could have discovered it, there could be no recovery. This is not the law. In Ahrens & Ott Mfg. Co. v. Rellihan, 26 Ky. L. R., 919, after citing a number of cases supporting the rule, the court said:

"It has been held by this court in several cases of comparatively recent date that when a master employs a servant to work for him, he impliedly undertakes that the machinery and tools with which the servant is to work, as well as the place of work, are in a reasonably safe condition, and to keep them in such condition, and it is the duty of the servant to use ordinary care to avoid injury from the use of a defective tool or appliance, or from danger in the place of work, if the defect or danger is known to him, or so obvious that the performance of his duties would make it known to him; but no duty devolves upon him to make a critical examination of such tool, appliance, or place of work, and for injuries resulting from their dangerous or unsafe condition, of which he had no knowledge, he is entitled to recover against the master."

In East Tennessee Telephone Co. v. Jeffries, 153 Ky., 133, it was again said: "The rule as now held in this jurisdiction, is that the duty of furnishing reasonably safe tools, materials and place to work is primarily on the master and that the servant is under no duty to discover defects therein, and, unless he knows of their existence, or they are so patent and obvious that a person of his experience and understanding must have discovered them, he will not be precluded from recovery." To the same effect are Phifsterer v. Peter, 117 Ky., 501; Bell Knox Coal Co. v. Gregory, 152 Ky., 415.

In place of the instruction given the jury should have been told it was the duty of the defendant to use ordinary care to furnish the decedent with a reasonably safe hand-car with which to work, and to keep the same in reasonable repair for the work the decedent was employed to do, and if the jury believe from the evidence that while in the discharge of his duty as a section hand, and exercising ordinary care for his safety, the decedent was caused to be thrown from the car by reason of its defective and unsafe condition, and that the defendant, its agents or servants charged with the duty of supervising the car, knew, or by the exercise of ordinary care could have known of its defective or dangerous condition, if it was defective or dangerous, they should find for the plaintiff, unless they believe from the evidence that the defective or dangerous condition of the car, if it was in such condition, was known to the decedent, or was so obvious that a person of his age and experience should have known of it.

The other instruction is also objectionable in so far as it advised the jury that the deceased assumed all the ordinary, usual and necessary danger incident to the employment. Under this instruction the jury was authorized to believe that the deceased assumed dangers incident to the operation of a car that, according to the evidence for the plaintiff, was in an unsafe and defective, condition. But the decedent did not assume the risk of danger arising from the operation of a car that was unsafe or dangerous on account of the negligence of the railroad company. He only assumed the ordinary risk incident to the employment after the railroad company had exercised ordinary care to furnish him a reasonably safe hand-car with which to work. If the hand-car was in reasonably safe condition, then he assumed the ordi-

nary risks attending its operation, but if the hand-car was in an unsafe condition, he did not assume the risk that might occur as a result of this unsafe condition. This precise question, in a case the facts of which are almost identical with this, was before us in Brents v. L. & N. R. R. Co., 31 Ky. L. R., 1216. In that case Brents was injured by falling in front of a hand-car that he was assisting to operate, by reason, he alleged, of the defective condition of the lever. In that case the court gave to the jury an instruction like the one here complained of. In holding it to be error to give the instruction, the court said:

"The employe does not assume such risks as arise from the negligence of the employer in failing to furnish him a reasonably safe place in which to work, and reasonably safe instrumentalities and materials with which to work; and where this failure is the only negligence complained of, any instruction as to the ordinary risks assumed by the employe must be misleading. Now, in the case at bar the negligence complained of is the failure of the employer to furnish the appellant with a reasonably safe instrument with which to work, to-wit: a hand-car. No other negligence is complained of and no other risk than that growing out of a defective car is involved in the case; it was, therefore, misleading to the jury to tell them that the appellant, when he accepted employment under appellee, assumed all ordinary risks attendant upon his employment. A jury of laymen were bound to conclude that the court's instructions were directed to the question in issue, and that there was some risk attendant on the use of the defective hand-car, if it was defective, which appellant assumed."

Being of the opinion that the errors mentioned were prejudicial to the substantial rights of the appellant, the judgment is reversed, with directions for a new trial in conformity with this opinion.